```
              UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION


UNITED STATES OF AMERICA    )   DOCKET NO. 5:11-CR-73-5
                            )
     vs.                    )
                            )
KENNETH CHAD CALL,          )
                            )
          Defendant.        )
_____)


            TRANSCRIPT OF PLEA AND RULE 11 HEARING
            BEFORE THE HONORABLE DAVID C. KEESLER
                UNITED STATES MAGISTRATE JUDGE
                       APRIL 26, 2012
```

APPEARANCES:

On Behalf of the Government:

    KENNETH SMITH
    United States Attorney's Office
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina

On Behalf of the Defendant:

    RICHARD DEKE FALLS, ESQ.
    Barnett and Falls
    130-C North McDowell Street
    Charlotte, North Carolina


Proceedings digitally recorded and transcribed by:

                Cheryl A. Nuccio, RMR-CRR
                 Official Court Reporter
                United States District Court
                  Charlotte, North Carolina

```
1                    P R O C E E D I N G S
2               (Transcript of proceedings digitally recorded on
3    April 26, 2012.)
4               THE COURT:  Okay.  Mr. Falls, good morning.
5               MR. FALLS:  Good morning.
6               THE COURT:  Is this Mr. Call?
7               MR. FALLS:  It is, Your Honor.  I notified the clerk
8    that he may elect to proceed straight up instead of pursuant
9    to plea agreement, and he's confirmed with me again this
10   morning that that is his preference is to plead straight up to
11   all charges.
12              THE COURT:  Okay.  Well, thanks for letting us know.
13              Madam Clerk, does that mean we need to change --
14              THE CLERK:  Just refresh.
15              THE COURT:  Refresh, okay.
16              The next matter this morning is Kenneth Chad Call.
17   The number on this is 5:11-cr-73.
18              Mr. Falls is here representing him.  We appreciate
19   that.
20              Mr. Smith is here for the government.
21              The case is on for plea and Rule 11, I believe, and
22   we're informed by Mr. Falls that Mr. Call would prefer to
23   enter his plea straight up.
24              Mr. Falls, is that correct?
25              MR. FALLS:  That's correct, Your Honor.
```

1        THE COURT: Okay. So let me make sure I understand
2   what that's going to mean. How many counts will that be,
3   Mr. Falls?
4        MR. FALLS: That will be three counts, Your Honor.
5   It will be count one, count two, and count seven.
6        THE COURT: Okay. Thank you very much.
7        Mr. Smith, do you have maximum penalties available
8   for these counts? I know we're sort of changing course here
9   in terms of what we're doing.
10       MR. SMITH: Yes, sir.
11       MR. FALLS: Count two is a maximum of 20 years. And
12  count seven, I think, is a maximum of eight years, I believe.
13  Or ten years.
14       MR. SMITH: Your Honor, in taking a look at the
15  worksheet prepared by Ms. Phillips, I think for count one,
16  just looking at her check marks, I think she has for count
17  one, conspiracy to distribute meth, I think she has ten to
18  life, $10 million fine, five years supervised release.
19       For count two, which is possession of
20  pseudoephedrine, she has a mandatory maximum of 20 years,
21  $250,000 fine, or three years imprisonment.
22       And lastly, for count seven, which is possession of
23  materials to make meth, she has for him the mandatory maximum
24  is ten years, $250,000 fine or three years.
25       MR. FALLS: We agree with that.

```
 1              THE COURT:  I'm sorry, tell me that again.  Count
 2   seven...
 3              MR. SMITH:  Count seven, Your Honor, is a ten year
 4   maximum, $250,000 fine, or both.
 5              THE COURT:  Okay.  I think you said on count two it
 6   was 20 years and 250,000.
 7              MR. SMITH:  Yes, sir.
 8              THE COURT:  Are you sure about that fine amount?
 9              MR. SMITH:  Yes, Your Honor, according to her.
10              THE COURT:  Okay.
11              MR. SMITH:  Looking at her checklist.
12              THE COURT:  Okay.  All right.  Well, let's get
13   underway here.
14              Mr. Call, in order for me to accept your plea, I
15   need to ask you some questions.  And before I do that, I need
16   to have you sworn in.  So if you would, please stand.  Put
17   your left hand on the Bible, raise your right and face the
18   clerk, please.
19              (Defendant was sworn.)
20              THE COURT:  All right.  Have a seat, sir.
21              As I go through the questions now, Mr. Call, if you
22   will, please keep your voice up so I can hear you.  If you
23   have any concerns as we go, please feel free to talk to your
24   lawyer.  Do you understand?
25              THE DEFENDANT:  Yes, sir.
```

1      THE COURT:  Okay.  Do you understand you're under
2  oath and required to give truthful answers to these questions?
3      THE DEFENDANT:  Yes, Your Honor.
4      THE COURT:  Do you understand that if you give false
5  information under oath, you may be prosecuted for perjury or
6  false statement?
7      THE DEFENDANT:  Yes, Your Honor.
8      THE COURT:  After consulting with your lawyer, do
9  you want this court to accept your guilty plea to three counts
10 in your bill of indictment?
11     THE DEFENDANT:  Yes, sir.  Yes, Your Honor.
12     THE COURT:  Do you understand you have a right to
13 have a U.S. district judge conduct this proceeding?
14     THE DEFENDANT:  Yes, Your Honor.
15     THE COURT:  Recognizing that right, do you expressly
16 consent to proceed before me, a United States magistrate
17 judge?
18     THE DEFENDANT:  Yes, Your Honor.
19     THE COURT:  Are you now under the influence of
20 alcohol, medicines or drugs of any kind?
21     THE DEFENDANT:  No, Your Honor.
22     THE COURT:  Is your mind clear today and do you
23 understand you're here to enter a guilty plea that cannot
24 later be withdrawn?
25     THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  Have you received a copy of the bill of
2  indictment in your case and have you discussed it with your
3  lawyer?
4      THE DEFENDANT:  Yes, Your Honor.
5      THE COURT:  Now, what I'm going to do at this point,
6  Mr. Call, is to go over these three counts that you're
7  pleading to today.  As previously noted, you're pleading
8  guilty to counts one, two, and seven, and so I'm going to go
9  over those with you now.  All right?
10     THE DEFENDANT:  Yes, Your Honor.
11     THE COURT:  Count one, put simply, charges
12 conspiracy to distribute, to possess with intent to
13 distribute, and to manufacture a controlled substance.  Or in
14 more detail, it's alleged here that between in or about
15 January 2009 and on or about November 15 of 2011, in Wilkes
16 County, in the Western District of North Carolina, and
17 elsewhere, you along with your co-defendants who are set forth
18 here did knowingly and intentionally conspire and agree with
19 each other and with others to distribute, possess with intent
20 to distribute, and manufacture a controlled substance, that
21 is, a mixture and substance containing a detectable amount of
22 methamphetamine.
23     Now, it's alleged that this drug conspiracy offense
24 involving methamphetamine involved at least 500 grams of a
25 mixture and substance containing a detectable amount of

methamphetamine, its salts, isomers and salts of its isomers.

This is a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

Now, this drug conspiracy charge, based upon the amount of methamphetamine involved, carries a maximum penalty of not less than ten years nor more than life imprisonment, a $10 million fine, or both, and a period of supervised release.

Mr. Smith, is that correct?

MR. SMITH: Yes, Your Honor.

THE COURT: All right. Count two, Mr. Call, alleges a related offense, a little different but certainly related. Put simply, the charge here is possession of pseudoephedrine.

Here it's alleged that between in or about January 2009 and on or about November 15, 2011, in Wilkes County, in the Western District of North Carolina, and elsewhere, you along with your co-defendants who are set forth here did knowingly and intentionally possess and distribute a listed chemical, that is, pseudoephedrine, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine.

Now, this is a violation of Title 21, United States Code, Sections 841(c)(2) and 802(34)(K).

Now, the court is informed that the maximum penalty for this offense under federal law is 20 years imprisonment, a

1  $250,000 fine, or both.

2       Mr. Smith, have I got that right?

3       MR. SMITH: You do -- you do, Your Honor.

4       THE COURT: All right. Now, count seven, Mr. Call,
5  alleges, again, a related offense. Somewhat different but
6  certainly related. The charge here, put simply, is possession
7  of materials to make methamphetamine.

8       Here it's alleged that on a specific date,
9  March 3rd, 2011, in Wilkes County, in the Western District of
10 North Carolina, and elsewhere, you did knowingly and
11 intentionally possess equipment, chemicals, products and
12 materials which may be used to manufacture a controlled
13 substance, that is, Coleman fuel, salt, pseudoephedrine, cold
14 packs (ammonium nitrate), lithium batteries, coffee filters,
15 and acetone, knowing, intending, and having reasonable cause
16 to believe that these items would be used to manufacture a
17 controlled substance, in violation of federal law.

18      This is a violation of Title 21, United States Code,
19 Sections 843(a)(6) and (d)(2).

20      The court is informed that the maximum penalty for
21 this offense is ten years imprisonment, a $250,000 fine, or
22 both, and a period of supervised release.

23      Mr. Smith, does that sound right?

24      MR. SMITH: Yes, sir.

25      THE COURT: Okay. So Mr. Call, these are the

1 charges contained in counts one, two, and seven that you are
2 pleading guilty to today.  Have you talked to your lawyer
3 about all these things?
4         THE DEFENDANT:  Yes, Your Honor.
5         THE COURT:  Do you understand these charges,
6 including the maximum penalties that they carry?
7         THE DEFENDANT:  Yes, Your Honor.
8         THE COURT:  Okay.  Now I need to ask you a couple of
9 immigration related questions, Mr. Call, that may not apply to
10 you, but I'm required to ask them nonetheless.
11         Have you been advised by your lawyer or do you
12 understand that if you are not a citizen of the United States,
13 your guilty plea could have adverse immigration consequences
14 for you?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  In particular, do you understand that if
17 you are not a citizen, your guilty plea could result in
18 deportation from the country?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  Have you spoken with your lawyer about
21 how the U.S. Sentencing Guidelines might apply to your case?
22         THE DEFENDANT:  Yes, Your Honor.
23         THE COURT:  Do you understand the district judge
24 will not be able to determine your sentence until after a
25 presentence report has been prepared and you've had a chance

```
 1  to comment on it?
 2           THE DEFENDANT:  Yes, Your Honor.
 3           THE COURT:  Do you also understand that in some
 4  circumstances you may receive a sentence that is different,
 5  that is, either higher or lower than that called for by the
 6  guidelines?
 7           THE DEFENDANT:  Yes, Your Honor.
 8           THE COURT:  Do you understand the court may order
 9  restitution or the payment of money by you if that's
10  appropriate in your case?
11           THE DEFENDANT:  Yes, Your Honor.
12           THE COURT:  Do you understand that if the sentence
13  is more severe than you expect or the court does not accept
14  the government's recommendation, you will still be bound by
15  your plea and have no right to withdraw it?
16           THE DEFENDANT:  Yes, Your Honor.
17           THE COURT:  Do you understand that parole has been
18  abolished and if you are sentenced to a term of imprisonment,
19  you will not be released early on parole?
20           THE DEFENDANT:  Yes, Your Honor.
21           THE COURT:  Do you understand what I mean by that?
22  Do you want me to explain that to you?
23           THE DEFENDANT:  Yes, if you don't mind.
24           THE COURT:  It's really pretty simple.  And with
25  each passing year, I kind of wonder why we ask this question,
```

1  but we do.
2          It used to be that there was something in the
3  federal criminal system called parole.  We really don't have
4  parole anymore.  Parole has been abolished.  So if you are
5  sentenced to a term of imprisonment in your case, you're not
6  going to be released early on what used to be called parole.
7  Do you understand that?
8          THE DEFENDANT:  Yes, Your Honor.
9          THE COURT:  Okay.  If your sentence includes
10 imprisonment, though, do you understand the district judge may
11 order a term of what's called supervised release?
12         THE DEFENDANT:  Yes, sir, I understand.
13         THE COURT:  Supervised release would be a period of
14 supervision of you by the probation office after your release
15 from prison.  Do you understand that?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Now, do you also understand that if you
18 violate the terms of supervised release, you could go back to
19 prison for an additional period of time?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  In other words, if you get out of prison
22 and you violate the terms of supervised release, you could go
23 back.  Do you understand that?
24         THE DEFENDANT:  Yes.
25         THE COURT:  Do you also understand, sir, that you

1  have the right to plead not guilty, to have a speedy trial
2  before a judge and a jury, to summons witnesses to testify in
3  your behalf, and to confront witnesses against you?
4              THE DEFENDANT: Yes, Your Honor.
5              THE COURT: If you exercised your right to trial,
6  you'd be entitled to the assistance of a lawyer. You would
7  not be required to testify. You'd be presumed innocent and
8  the burden would be on the government to prove your guilt
9  beyond a reasonable doubt. Do you understand all these
10 things?
11             THE DEFENDANT: Yes, Your Honor.
12             THE COURT: Mr. Call, what that really means, these
13 last two questions, is that you have a right to a trial by
14 jury in your case if you want one. Do you understand that?
15             THE DEFENDANT: Yes.
16             THE COURT: Okay. Now, by entering this plea of
17 guilty, of course, you're waiving that right. There is not
18 going to be a trial. There will be at least one more hearing
19 where the district judge will determine, first, whether there
20 is a factual basis for your plea and, second, what sentence to
21 impose. Do you understand all of that?
22             THE DEFENDANT: Yes, Your Honor.
23             THE COURT: Okay. Now, we've been over the charges
24 contained in counts one, two, and seven this morning. And I
25 won't -- I won't go over those again because we've done that

```
 1  in some detail.  But let me ask you again.  Do you understand
 2  the charges?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Have you talked to Mr. Falls about all
 5  this?
 6              THE DEFENDANT:  Yes.  He's been very helpful.
 7              THE COURT:  Well, I'm not suprised to hear that.  He
 8  does a good job.
 9              Are you guilty of these crimes?
10              THE DEFENDANT:  Yes, besides the amount.
11              THE COURT:  Okay.
12              MR. FALLS:  Do you want me to elaborate on that?
13              THE COURT:  Would you like to say anything about
14  that just to make sure our record is clear?
15              MR. FALLS:  Your Honor, the purpose of not pleading
16  pursuant to the plea agreement is because the plea agreement
17  called for a stipulated drug amount.  So we're pleading
18  straight up so we can argue the drug amount at sentencing.
19              THE COURT:  Right.  Mr. Call, do you understand
20  that?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Is that what you want to do?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Okay.  Fair enough.
25              Mr. Smith, that seems clear enough to me.  Is that
```

Case 5:11-cr-00073-KDB-SCR   Document 333   Filed 12/14/12   Page 13 of 17

```
 1  okay with the government?
 2              MR. SMITH:  Yes, Your Honor.
 3              THE COURT:  Okay.  All right.  There is no written
 4  plea agreement which has already been noted, but let me just
 5  ask whether there are any terms or conditions that should be
 6  put on the record.
 7              Mr. Smith, anything?
 8              MR. SMITH:  Not from the government.
 9              THE COURT:  Mr. Falls?
10              MR. FALLS:  No, sir.
11              THE COURT:  Okay.  Mr. Call, hang in there, we've
12  got a few more questions we need to go through, okay.
13              Here's the first.  Has anybody threatened,
14  intimidated or forced you to enter this guilty plea today?
15              THE DEFENDANT:  No, Your Honor.
16              THE COURT:  Has anybody made you promises of
17  leniency or a light sentence to get you to plead guilty?
18              THE DEFENDANT:  No, Your Honor.
19              THE COURT:  Have you had enough time to talk with
20  your lawyer about any possible defenses you might have to
21  these charges?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  Are you satisfied with the services of
24  your lawyer in this case?
25              THE DEFENDANT:  Very much.
```

1     THE COURT:  Is there anything you'd like to say at
2  this time about his services?
3     THE DEFENDANT:  He done really well.
4     THE COURT:  Okay.  Have you heard and understood all
5  parts of this proceeding and do you still wish to plead
6  guilty?
7     THE DEFENDANT:  Yes, Your Honor.
8     THE COURT:  Do you have any questions or statements
9  you'd like to make at this time?
10    THE DEFENDANT:  No, Your Honor.
11    THE COURT:  One final question, Mr. Call, just by
12 way of summary.  Of course, what you're doing today, as we've
13 previously noted, is entering your guilty plea to counts one,
14 two, and seven in the bill.  Those are the charges we went
15 over earlier during this proceeding.  Do you understand that?
16    THE DEFENDANT:  Yes, Your Honor.
17    THE COURT:  Do you understand these charges against
18 you?
19    THE DEFENDANT:  Yes, Your Honor.
20    THE COURT:  Are you guilty of those crimes?
21    THE DEFENDANT:  Yes, Your Honor.
22    THE COURT:  Except for the amounts you're going to
23 talk about.
24    THE DEFENDANT:  Yes, Your Honor.
25    THE COURT:  Okay.  Is this what you want to do?

1     THE DEFENDANT: Yes, sir.
2     THE COURT: Okay. Mr. Falls, finally, a question
3  for you.
4     Have you reviewed with Mr. Call all features of his
5  case, but in particular the consequences of the action he's
6  taking today and are you satisfied he understands these things
7  and knows what he is doing?
8     MR. FALLS: Yes, Your Honor.
9     THE COURT: Okay. That completes the questions on
10 the form. Let me just review this briefly.
11    (Pause.)
12    THE COURT: Okay. Mr. Falls, we'll send that out to
13 you momentarily.
14    (Pause.)
15    MR. FALLS: Okay. We're ready to sign now.
16    THE COURT: Okay. There you go.
17    Okay. The record will reflect that the electronic
18 plea and Rule 11 form has been signed by the defendant,
19 Mr. Call, and also by his attorney, Mr. Falls. Therefore,
20 based on the representations and answers given both by the
21 defendant and his lawyer in this proceeding, the court does
22 find that the defendant's plea of guilty is knowingly and
23 voluntarily made and that the defendant understands the
24 charges, potential penalties and consequences of his plea.
25 Accordingly, the defendant's plea of guilty is hereby

1  accepted.  We'll make this form part of his file.
2           Anything else for Mr. Call today?  Mr. Smith?
3           MR. SMITH:  No, Your Honor.
4           THE COURT:  Mr. Falls?
5           MR. FALLS:  No, Your Honor.
6           THE COURT:  Okay, sir.  Good luck to you.
7           THE DEFENDANT:  Thank you.
8           (End of proceedings.)
9                              *****
10 UNITED STATES DISTRICT COURT
11 WESTERN DISTRICT OF NORTH CAROLINA
12 <u>CERTIFICATE OF REPORTER</u>
13
14         I,  Cheryl A. Nuccio, Official Court Reporter,
15 certify that the foregoing transcript is a true and correct
16 transcript of the digitally-recorded proceedings, transcribed
17 by me to the best of my ability.
18
19           Dated this 14th day of December 2012.
20
21                          s/Cheryl A. Nuccio
                            Cheryl A. Nuccio, RMR-CRR
22                          Official Court Reporter
23
24
25